UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:18CV-P121-JHM

ADRIAN BENETT                                                                                    PETITIONER

v.

NORMAN CHAFFINS                                                                              RESPONDENT

## MEMORANDUM OPINION

Petitioner Adrian Bennett, an inmate at the Grayson County Detention Center, filed the instant *pro se* petition for writ of habeas corpus.[1] The Court must undertake a preliminary review of the petition (DN 1) and amended petitions (DNs 7 and 12) to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[2]

The Court first observes that the petition and amendments were not signed by Petitioner but were signed by "Vernon Lamont, Bey." Under the Federal Rules of Civil Procedure, "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); Rule 12 of the Rules Governing § 2254 Cases ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). There is no indication that Lamont is an attorney. Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*,

---
[1] The petition was originally filed in the Southern District of Indiana but was transferred to this Court on July 25, 2018 (DN 13).
[2] The petition does not state whether Petitioner is seeking habeas corpus relief under 28 U.S.C. § 2241 or § 2254. However, Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Accordingly, it is improper for Lamont, a nonlawyer, to sign the petition and amended petitions on behalf of Petitioner, and the action is subject to dismissal for this reason.

However, even if Petitioner signed the petition and amendments in accordance with Fed. R. Civ. P. 11(a), the action must still be dismissed. The caption of the petition states, "Notice of Appearance: Adrian Bey Beneficial Owner 1st Lien Holder of Bennett, Adrian Durrell Estate d/b/a ©ADRIAN BENNETT." The petition states as follows:

> I, Adrian, Bey. Dba ADRIAN BENETT., am a free white people, a follower of the Messiah in the laws of The Almighty Supreme Creator, and the General Laws of the land. [Leviticus 18:3-4]. Clearly states that I cannot walk in your statues, which is Special Law. [Pursuant to Matthew 5:33-37 and James 5:12, let my yea be yea, and my nay be nay, as supported by my God Given Rights]. . . .
>
> I, Adrien Bey, IN GOOD FAITH do hereby and herein petition this court for the Great Writ of Habeas Corpus, as a matter of right, as declared In the United States Constitution Section 14. Excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted.
>
> : and the privilege of the writ of habeas corpus shall not be suspended unless when, where n cases of rebellion or invasion, the public safety may require it. Adrian, Bey. Dba ADRIAN BENNETT ?is unlawfully deprived of his liberty . . . upon the mere speculation of alleged felonies since December 20, 2017.

The petition continues with similar language. It broadly alleges that Petitioner "has been DENIED DUE PROCESS OF LAW AND UNLAWFULLY INCARCERATED considering there is no flight from justice that exist." It also alleges violations of Petitioner's rights under the Second and Fourth Amendments to the Constitution. Petitioner later filed two amended petitions, in which he changes the name of Respondent to Norman Chaffins, the Jailer of the Grayson County Detention Center, but otherwise largely replicates the original petition.

2

Upon review, the petition and amendments state no valid basis for awarding habeas corpus relief. A petition must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions). The petition alleges in broad, conclusory terms that Petitioner's constitutional rights have been violated. However, Plaintiff fails to provide the necessary factual background for his claims; makes no legal argument as to why such facts, if proven, would entitle him to relief; does not allege that he has exhausted state court remedies as required to obtain habeas relief; and includes no documentation from his criminal proceedings relevant to his claims. It is not even clear in what court the criminal proceedings which he is challenging are pending. The Court has an obligation to liberally construe pleadings filed by a *pro se* litigant, but it has no authority to create arguments or claims that he has not made. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Moreover, various references in the petition and amendments, including references to Petitioner as a "Lien Holder" and being bound to the "General Laws of the land[,]" evince that the claims are premised on "sovereign citizen" theories, which have "been uniformly rejected by the federal courts" for decades. *Smith v. Hens*, No. 13-14013, 2014 U.S. Dist. LEXIS 100838, at *2-3 n.1 (E.D. Mich. July 24, 2014). "Sovereign citizen" arguments are "recognized as frivolous and a waste of court resources." *Muhammad v. Smith*, No. 3:13-CV-760 (MAD/DEP), 2014 U.S. Dist. LEXIS 99990, at *6 (N.D.N.Y. July 23, 2014); *see also United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting a criminal defendant's attempts "to argue that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts' jurisdiction does not apply."). Claims based on "sovereign citizen" theories may be dismissed without "extended argument" as patently frivolous. *United States v. Ward*, No. 98-30191, 1999

U.S. App. LEXIS 9255, at *5-6 (9th Cir. May 13, 1999); s*ee also United States v. McQuarters*, No. 11- 51386, 2013 U.S. Dist. LEXIS 165189, at *5 (E.D. Mich. Oct. 11, 2013) (finding that "sovereign citizen" arguments "'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion'" (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (report and recommendation adopted by *United States v. McQuarters*, 2013 U.S. Dist. LEXIS 164785 (E.D. Mich. Nov. 20, 2013)).

For the going reasons, the Court finds that the petition and amended petitions for writ of habeas corpus must be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 5, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner, *pro se*
4414.010